UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INES R.T.,<br><br>           Petitioner,<br><br>    v.<br><br>CHRISTOPHER CHESTNUT, Warden of California City Detention Center; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States,<br><br>           Respondents. | No. 1:26-cv-00067-KES-SKO (HC)<br><br>ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION<br><br>Doc. 17 |

      Before the Court is petitioner Ines R.T.'s amended motion for temporary restraining order.[1]  Doc. 17.  The Court has addressed the legal issues raised by the amended motion for temporary restraining order on previous occasions.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025).

      The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that render it distinguishable from the Court's prior orders in *Crispin M. C. v. Noem* and *J.A.C.P. v. Wofford*, and that would justify denying the amended motion.  Doc. 18.

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only her first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

1  The Court also ordered respondents to state their position on whether the motion should be
2  converted to a motion for preliminary injunction and whether they request a hearing. *Id.*
3  Respondents do not identify any factual or legal issues in this case that distinguish it from the
4  cases cited in the Court's minute order. *See* Doc. 19. They state that they "submit based on the
5  briefing in the previously-filed cases cited in this Court's order," and the filings in this case. *Id.*
6  Respondents do not object to converting the motion and do not request a hearing. *See id.*

7  As respondents have not made any new legal arguments and have not identified any
8  factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M.*
9  *C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026),
10 and *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct.
11 27, 2025), the amended motion for temporary restraining order is converted to a motion for
12 preliminary injunction and GRANTED, for the reasons stated in those prior orders.

13 The Court ORDERS that respondents release petitioner immediately. If the government
14 seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and
15 must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and
16 its implementing regulations, at which petitioner's eligibility for bond must be considered.

17 The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts
18 regularly waive security in cases like this, and the government has not established a need to
19 impose a security bond.

20 This matter is referred to the assigned magistrate judge for further proceedings, including
21 the preparation of findings and recommendations on the first amended petition for writ of habeas
22 corpus or other appropriate action.

IT IS SO ORDERED.

Dated: January 21, 2026

UNITED STATES DISTRICT JUDGE

2