UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INES R.T., | No. 1:26-cv-00067-KES-SKO (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION TO GRANT FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| CHRISTOPHER CHESTNUT, Warden of California City Detention Center; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States, | **[Doc. 16]**<br><br>**[21-DAY OBJECTION DEADLINE]** |
| Respondents. | |

Petitioner is a former immigration detainee proceeding with a petition for writ of habeas corpus.

On January 16, 2026, Petitioner filed the instant first amended petition, (Doc. 16), and an amended motion for temporary restraining order, (Doc. 17), contending her re-detention without a pre-deprivation bond hearing violates the Due Process Clause of the Fifth Amendment. On January 16, 2026, the District Court ordered Respondents to show cause why the Court should not grant the motion for temporary restraining order. (Doc. 18.) The Court directed Respondents to address whether there were any factual or legal issues in this case that rendered it distinguishable

1

from the Court's prior orders in <u>Crispin M. C. V. Noem</u>, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); <u>J.A.C.P. v. Wofford</u>, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), or indicate the matter is not substantively distinguishable. (Doc. 18.)

Respondents filed a response to the order to show cause on January 21, 2026. (Doc. 19.) Respondents did not identify any factual or legal issues in this case that distinguish it from the cases cited. (Doc. 19.)

On January 21, 2026, the District Court converted the motion for temporary restraining order into a motion for preliminary injunction and granted the injunction for the same reasons stated in <u>Crispin M. C. V. Noem</u>, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); <u>J.A.C.P. v. Wofford</u>, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025). (Doc. 20.) The Court ordered Respondents to release petitioner immediately, and enjoined and restrained Respondents from re-detaining Petitioner unless Respondents provided Petitioner with a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. (Doc. 20 at 2.) The matter was referred to the undersigned for further proceedings.

On January 23, 2026, the Court issued an order directing the parties to advise whether they intended to stand on the submissions to date, or whether the parties wished to provide additional briefing. (Doc. 21.) On January 23, 2026, and January 26, 2026, respectively, Respondents and Petitioner each filed a response stating their intent to stand on their submissions. (Doc. 22-23.)

Thus, the Court finds, for the reasons addressed in the District Court's order granting a preliminary injunction, (Doc. 20), that Petitioner's re-detention without a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment.

### RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **February 10, 2026**                    /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE

3