# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

INES R.T.,

Petitioner,

v.

CHRISTOPHER CHESTNUT, Warden of California City Detention Center, et al.,

Respondents.

No.  1:26-cv-0067 KES FJS (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE

Doc. 24

Petitioner Ines R.T. is a former immigration detainee proceeding with her amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging her detention as a violation of her due process rights.  *See generally* Doc. 16.

Petitioner filed a motion for temporary restraining order, which she amended on January 16, 2026.  Docs. 2, 17.  The Court converted the motion into one for a preliminary injunction, granted the preliminary injunction, and ordered Respondents to release Petitioner immediately.  The Court referred the matter to the magistrate judge for further proceedings.  Doc. 20.  The parties declined to submit additional briefs prior to adjudication of the petition.  Docs. 22, 23.

On February 10, 2026, the magistrate judge issued findings and recommendations to grant the petition for the reasons identified in the order granting a preliminary injunction, finding that

1

"Petitioner's  re-detention without a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment."  Doc. 24 at 2.  Respondents filed objections, incorporating their arguments "stated in their previous briefing."  Doc. 25 at 1.

In accordance with 28 U.S.C. § 636 (b)(1), the Court conducted a de novo review.  Having carefully reviewed the case, the Court concludes that the findings and recommendations are supported by the record and proper analysis.  The Court **ORDERS**:

1.    The findings and recommendations issued on February 10, 2026 (Doc. 24) are **ADOPTED** in full.

2.    The petition for writ of habeas corpus is **GRANTED**.

3.    Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner Ines R.T. unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that she is a flight risk or danger to the community such that her physical custody is legally justified.[1]

4.    The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:    May 1, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] This Order does not address the circumstances in which Respondents may detain Petitioner in the event she becomes subject to an executable final order of removal.